UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF TENNESSEE, ex rel. JULIE ADAMS, M.D., STEPHEN ADAMS, M.D., and SCOTT STEINMANN, M.D., | Case No. 1:21-cv-84 |
| Plaintiffs, | Judge Travis R. McDonough |
| v. | Magistrate Judge Susan K. Lee |
| CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, *et al.*, | |
| Defendants. | |

**ORDER**

Before the Court is Erlanger's motion to amend its answer (Doc. 252). Erlanger seeks leave to amend to assert two new affirmative defenses: (1) that Relators failed to reasonably mitigate damages and (2) that the False Claims Act ("FCA") is unconstitutional. (*See id.*) Relators and the Government oppose Erlanger's motion.[1] (Doc. 264, 265.) For the reasons set forth below, Erlanger's motion to amend (Doc. 252) will be granted in part and denied in part.

**I.    STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 15, if a party can no longer amend its pleading as a matter of course, it "may amend its pleading only with the opposing party's written consent or

---

[1] The Government only opposes Erlanger's attempt to assert the affirmative defense that the FCA is unconstitutional. (*See* Doc. 264.)

the court's leave." Fed. R. Civ. P. 15(a)(2).  However, "[t]he court should freely give leave when justice so requires." *Id.*; *see also Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) ("Because Rule 15(a)(2) directs courts to 'freely give leave when justice so requires,' the rule embodies a 'liberal amendment policy.'").  Denial of leave to amend may nevertheless be appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).  A proposed affirmative defense is futile if, "assuming the truth of the defendants' allegations regarding the defense, it nevertheless would fail." *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 11192552, at *2 (M.D. Tenn. Nov. 30, 2020) (citation and internal quoatations omitted).  Put another way, an affirmative defense is futile if "the defendant cannot succeed [in its defense] under any set of facts which it could prove." *Williams v. Provident Inv. Couns., Inc.*, 279 F. Supp. 2d 894, 905–06 (N.D. Ohio 2003).

II.         **ANALYSIS**

    A.         **Failure to Mitigate**

Here, Erlanger seeks to add the affirmative defense that Relators failed to mitigate their damages.  (*See* doc. 253.)  The Court finds that Erlanger's amendment to include this defense is in line with Rule 15's liberal standard and the strong preference that matters be resolved on the merits.  *See Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, No. 3:18-CV-00443, 2019 WL 13340934, at *2 (E.D. Tenn. Sept. 23, 2019) ("[T]he court's discretion is limited by Rule 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits.").  Failure to mitigate is a standard defense in the context of wrongful-termination claims.  *See*, *e.g.*,

*Ford v. Nicks*, 866 F.2d 865 (6th Cir. 1989). More importantly, an accurate assessment of Relators' damages turns on whether they have reasonably mitigated their damages. *See Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 733–34 (6th Cir. 2019) (discussing the strong preference that claims be resolved on the merits). There is nothing surprising about Erlanger's mitigation theory, and litigating that theory is not likely to impact the Court's schedule or dispositive-motion practice.

Relators argue that they would be unduly prejudiced by this amendment because discovery is now closed and, therefore, "[they] cannot now take the proper discovery to rebut Erlanger's expert." (Doc. 265, at 5.) However, if Relators feel they need additional time to prepare a rebuttal expert report, or additional time to engage in limited discovery, they may move the Court, with proper support, to amend the scheduling order.

Relators also assert that, because Erlanger waited to move to amend until the last day of the deadline set by the scheduling order, Erlanger is acting in bad faith. (*Id.*) Erlanger no doubt could have—and likely should have—asserted this defense sooner. However, the Court will not hold that this timing alone—a motion to amend before the deadline for such a motion—is enough to support a finding of bad faith. (*See* Doc. 167.)

Finally, Relators "ask that the Court limit Erlanger's amendment specifically to allege a failure to mitigate in-and around the Chattanooga-area." (Doc. 265, at 5.) Relators argue that they are not required to seek employment far from their homes. (*Id*.) Relators are essentially asking the Court to rule on what constitutes "reasonable" efforts for the purposes of mitigation. (*See id.*) It would be premature for the Court to decide this issue without meaningful briefing and in the current procedural posture. The Court will deny Relators' request, but they are free to raise their argument later as appropriate.

Because Erlanger's proposed amendment would not unduly prejudice Relators and is not offered in bad faith, its motion to amend will be granted insofar as it asserts a failure-to-mitigate defense.

### B. Constitutionality of the FCA

Erlanger next seeks to assert the affirmative defense that the FCA is unconstitutional because Relators are improperly appointed officers of the United States. (*See* doc. 253, at 7.) This defense is plainly futile. The Sixth Circuit has rejected this argument and unambiguously held that the FCA is constitutional. *See U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994) ("The qui tam provisions adopted by Congress do not contradict the constitutional principle of separation of powers. Rather, they have been crafted with particular care to maintain the primacy of the Executive Branch in prosecuting false-claims actions, even when the relator has initiated the process."). The Sixth Circuit is not alone—*every* circuit court that has addressed Erlanger's argument has rejected it. *See U.S. ex rel. Wallace v. Exactech, Inc.*, 703 F. Supp. 3d 1356, 1363 (N.D. Ala. 2023) (collecting cases). Erlanger's proposed defense fails as a matter of law and is therefore futile. *See Martinez*, 2020 WL 11192552, at *6 (denying motion to amend to add affirmative defense of waiver in an FLSA case because "as a matter of law, individuals cannot contract away or waive their rights under the FLSA").

Erlanger acknowledges the Sixth Circuit's holding, albeit obliquely, and makes no effort to assert it is not controlling. (*See* doc. 253, at 8–9.) It argues that the proposed amendment is not futile, relying chiefly upon a recent decision by a Florida district court.[2] (*See* doc. 253, at 8–

---

[2] Erlanger states that "*at least* one district court has held that the *qui tam* provisions are unconstitutional under Article II." (Doc. 269, at 7 (emphasis added).) What Erlanger does not say is that *at most* one district court has found the FCA to be unconstitutional.

9 (citing *United States ex rel. Zafirov, v. Florida Medical Associates, LLC*, No. 8:19-CV-01236, 2024 WL 4349242 (M.D. Fla. Sept. 30, 2024).) The Court is bound by Sixth Circuit precedent, not a district-court opinion, or even a dissent or concurrence by a Supreme Court justice. *See Maryland v. Wilson*, 519 U.S. 408, 413 (1997) (noting that "[statements] contained in a concurrence" do not "constitute[] binding precedent"); *United States v. Marlinga*, No. 04-80372, 2005 WL 1459138, at *2 (E.D. Mich. Apr. 12, 2005) ("It is elementary that this Court is bound by *majority* rulings, and not *dissents*, of the Supreme Court.").

Furthermore, *Zafirov* is unpersuasive. Its holding relies chiefly on selections of dissents, concurrences, and law review articles. *See generally Zafirov*, 2024 WL 4349242. Most relevant here, *Zafirov* makes no effort to confront the Sixth Circuit's decision in *Taxpayers Against Fraud*; instead, it cites to a concurrence in that case that merely chose not to join the panel's decision to uphold the FCA's constitutionality. *See id.* at *19 (citing 41 F.3d at 1050 (Nelson, J., concurring)). Contrary to *Zafirov*'s suggestion, nothing in that concurrence suggested that an FCA relator is an "officer" of the United States. *See id.* Instead, the concurrence states explicitly that the issue was moot, not that the majority had gotten it wrong. *See Taxpayers Against Fraud*, 41 F.3d at 1050 ("The dismissal [of the case] probably rendered the constitutional question moot, and I doubt that we ought to decide it now.").[3] *Zafirov* also claims that the Sixth Circuit "conclude[ed] without analysis that . . . the relator is not vested with governmental power." 2024 WL 4349242, at *8. But the Sixth Circuit did in fact explain its analysis, specifically noting that the government could "significantly restrict[]" a relator's role in litigation, even "tak[ing] complete control of the case," and that "the relator's position is without

---

[3] The concurrence, in fact, did no more than to call the constitutional question "a troubling one." *Taxpayers Against Fraud*, 41 F.3d at 1050.

tenure, duration, continuing emolument, or continuous duties." *Taxpayers Against Fraud*, 41 F.3d at 1041 (citations and internal quotations omitted). A single, outlier trial-court decision that whistles past precedent binding upon this Court provides no basis to ignore that precedent here.

Additionally, Erlanger fails to explain why it waited so long to assert this affirmative defense. This case has already been pending for almost four years. (*See* Doc. 1.) It has been unsealed for nearly 18 months, and it was partially unsealed to provide Erlanger notice over two years ago. (*See* Docs. 43, 73.) The Supreme Court dissent upon which Erlanger bases its proposed defense was issued on June 16, 2023. *See U.S. ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419 (2023). Erlanger filed its answer on February 2, 2024 (Doc. 187) and could have included the affirmative defense at that time or any time during the ensuing eight months. This undue delay is an independent basis to deny Erlanger's motion. *See, e.g., Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740, 755 (E.D. Ky. 2019) (finding undue delay when "[the plaintiff] has offered no explanation or justification for having waited a nearly a year and a half since the commencement of this action before [moving to] amend[]"). Granting Erlanger's motion now would likely result in the parties going through the motions of researching and briefing an issue that is plainly controlled by Sixth Circuit precedent. Since the law is clearly settled, such a shift in the parties' (and Court's) focus would represent a great waste of resources.

In sum, this Court will not accept Erlanger's invitation to follow one out-of-circuit district-court decision that squarely contradicts precedent that binds this Court. Erlanger's proposed defense is futile, and its motion to amend will be denied insofar as it attempts to assert that the FCA is unconstitutional.

## III. CONCLUSION

For the reasons stated above, Erlanger's motion to amend its answer (Doc. 252) is **GRANTED IN PART** and **DENIED IN PART**. Erlanger may amend to add its failure-to-mitigate defense. Erlanger may not amend to assert the defense that the FCA is unconstitutional.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**